5/21/26 1:51p

| | |
|---|---|
| DISTRICT COURT OF COLORADO<br>23rd JUDICIAL DISTRICT, DOUGLAS COUNTY<br>4000 Justice Way, Suite 2009<br>Castle Rock, CO 80109<br>(720) 437-6200 | DATE FILED<br>May 13, 2026 1:47 PM<br>FILING ID: 1E296088C364D<br>CASE NUMBER: 2026CV30527 |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**, a Michigan inter-insurance exchange,<br>Plaintiff,<br>v.<br>**TESLA ENERGY OPERATIONS, INC.** (f/k/a SOLARCITY CORPORATION), a Delaware corporation, **SOLAR HOUSE I, LLC**, a Delaware limited liability company, and **TESLA, INC.**, a Delaware corporation,<br>Defendants. | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff:*<br>Benjamin Migliorino, #50463<br>Cozen O'Connor<br>4601 DTC Blvd, Ste 825<br>Denver, CO 80237<br>720-479-3900<br>bmigliorino@cozen.com | Case No.:<br>Division: |

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:** **Tesla, Inc.**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated this 13th day of May 2026.

COZEN O'CONNOR

Benjamin Migliorino, #50463
*Attorney for Plaintiff, Foremost Insurance Company Grand Rapids, Michigan*

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| DISTRICT COURT OF COLORADO<br>23rd JUDICIAL DISTRICT, DOUGLAS COUNTY<br>4000 Justice Way, Suite 2009<br>Castle Rock, CO 80109<br>(720) 437-6200 | DATE FILED<br>May 13, 2026 1:47 PM<br>FILING ID: 1E296088C364D<br>CASE NUMBER: 2026CV30527 |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**, a Michigan inter-insurance exchange,<br><br>Plaintiff,<br>v.<br><br>**TESLA ENERGY OPERATIONS, INC.** (f/k/a SOLARCITY CORPORATION), a Delaware corporation,<br><br>**SOLAR HOUSE I, LLC**, a Delaware limited liability company, and<br><br>**TESLA, INC.**, a Delaware corporation,<br><br>Defendants. | ▲ **COURT USE ONLY** ▲<br><br>Case No.:<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Benjamin Migliorino, #50463<br>Cozen O'Connor<br>4601 DTC Blvd, Ste 825<br>Denver, CO 80237<br>720-479-3900<br>bmigliorino@cozen.com | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff, Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), for its Complaint against Defendants, Tesla Energy Operations, Inc. f/k/a SolarCity Corporation ("Tesla Energy"), Solar House I, LLC ("Solar House"), and Tesla, Inc. ("Tesla"), alleges as follows:

**EXHIBIT A**

## PARTIES, JURISDICTION, AND VENUE

1. Foremost is a Michigan stock insurance company with its principal place of business at 5600 Beech Tree Lane, Caledonia, Michigan 49316, and is authorized to transact insurance in the State of Colorado. Foremost paid insurance benefits to its insureds for property damage arising from the fire described below and is subrogated to its insureds' rights to the extent of such payments.

2. Tesla Energy is a Delaware corporation that at all relevant times did business in Colorado providing residential solar installation, maintenance, and related services under the SolarCity/Tesla Energy brand. Upon information and belief, its principal place of business is 1 Tesla Road, Austin, Texas 78725.

3. Solar House I, LLC is a Delaware limited liability company affiliated with Tesla that owns residential photovoltaic (PV) systems placed at customer homes pursuant to lease agreements. Upon information and belief, Solar House maintains business addresses including 3500 Deer Creek Road, Palo Alto, California 94304, and c/o SolarCity Corporation, 3055 Clearview Way, San Mateo, California 94402.

4. Tesla, Inc. is a Delaware corporation that owns and controls Tesla Energy and participated in the solar leasing/servicing program relevant to this matter, including customer communications and claims handling relating to the incident described herein. Upon information and belief, its principal place of business is 1 Tesla Road, Austin, Texas 78725.

5. This Court has subject matter jurisdiction under Colo. Const. art. VI, § 9 and C.R.S. § 13-1-124 because the claims arise from tortious conduct and defective products that caused property damage within Colorado.

6. Venue is proper in Douglas County under C.R.C.P. 98 because the property damage occurred at a residence located in Highlands Ranch, Douglas County, Colorado, and Defendants transact business in this state and county.

## GENERAL ALLEGATIONS

7. This action arises from a fire that originated at or from a rooftop photovoltaic solar system (the "PV System") installed on a home owned by Foremost's insureds, Kevin and Rebecca Mendoza, and located at 10094 Eagle Valley Way, Highlands Ranch, Colorado (the "Property").

8. The PV System at the Property was originally installed under a SolarCity lease dating to approximately 2013, later amended in 2016, and assigned to Solar House I, LLC as

lessor/owner of the system. Tesla Energy (formerly SolarCity) installed, serviced, and/or maintained the system.

9. In 2019, the previous homeowners transferred the SolarCity/Tesla lease to the Mendozas upon sale of the Property, with Solar House consenting to the transfer and Tesla entities administering the account thereafter.

10. In or about 2020, Defendants installed rodent guards around the PV System array.

11. On or about July 25, 2025, a fire originated at or within the PV System array located on the front roof slope of the Property, causing thermal damage to roofing materials and other portions of the structure and necessitating fire department response.

12. After fire suppression, Tesla personnel arrived at the Property. They removed approximately ten modules from the front array and took custody of the four most heavily burned/damaged modules and associated wiring, transporting them off-site to an undisclosed location. At no time did Defendants coordinate a joint inspection of the Property or provide Foremost an opportunity to examine the fire artifacts before removal.

13. As a result of the damage to the Property and the contents therein, the Mendozas presented an insurance claim to Foremost. In response, Foremost paid insurance benefits and, to the extent of benefits paid, is contractually and equitably subrogated to its insureds' rights against Defendants.

**FIRST CLAIM FOR RELIEF**
**(Negligence – All Defendants)**

14. Foremost incorporates all allegations above.

15. Defendants owed duties to exercise reasonable care in the design, manufacture, selection, installation, inspection, maintenance, repair, and post-incident handling of the PV System and its components, and to preserve material evidence once litigation was reasonably foreseeable.

16. Defendants breached their duties by, among other things:

a. selecting and/or installing defective or unsuitable PV wiring/connectors and related components;

b. failing to install adequate rodent/physical protection and strain relief;

c. performing negligent inspection, maintenance, and repairs;

d. failing to warn the insureds about known dangers of the PV System and its components;

e. failing to exercise reasonable care in the hiring, training, and supervision of its employees and/or subcontractors; and

f. removing and withholding critical burned components and wiring without notice or a joint inspection.

17. As a direct and proximate result of the above-described acts and/or omissions, Plaintiff suffered damages in amounts to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Strict Products Liability – All Defendants)**

18. Foremost incorporates the allegations above.

19. Defendants designed, manufactured, selected, distributed, installed, and/or otherwise placed into the stream of commerce the defective PV System, including its components.

20. Defendants were engaged in the business of designing, manufacturing, selecting, distributing, installing, and/or otherwise placing into the stream of commerce PV systems like the subject PV System.

21. The PV System was defective in its design and/or manufacture, and because of the defect(s), it was unreasonably dangerous to Plaintiff's insureds' property, which might reasonably be expected to be affected by the PV System. The PV System was also defective and unreasonably dangerous because it failed to contain adequate warnings of the known dangerous condition associated with the PV System.

22. The PV System was defective at the time it left the custody or control of the Defendants.

23. The PV System was expected to, and did, reach Plaintiff's insureds without substantial change in the condition in which it was placed into the stream of commerce by Defendants.

24. As a direct and proximate result of the defective PV System, Plaintiff incurred damages in amounts to be proven at trial.

## THIRD CLAIM FOR RELIEF

**(Request for Sanctions and Adverse Inference for Spoliation – All Defendants)**

25. Foremost incorporates the allegations above.

26. Defendants had a duty to preserve relevant evidence in its post-fire condition and post-fire location.

27. By the time Defendants arrived on scene and removed the burned PV modules and associated wiring, litigation was reasonably foreseeable. Notwithstanding, Defendants removed and withheld critical evidence without coordinating a joint site inspection.

28. After removing and withholding evidence, and having received explicit notice of Plaintiff's potential claims against them and having received Plaintiff's request for a laboratory examination of the fire artifacts, Defendants destroyed relevant, critical evidence.

29. Plaintiff requests appropriate sanctions, including an adverse inference that the removed/destroyed PV System components would have established product defect and/or negligence, evidentiary preclusion as appropriate, and an award of fees and costs associated with the spoliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in its favor and against Defendants for:

a) Compensatory damages in an amount to be proven at trial;

b) Pre- and post-judgment interest from the date of the fire at the rate of 8% compounded annually in accordance with C.R.S. Section 5-12-102;

c) Costs and such other relief as the Court deems just; and

d) Spoliation sanctions including adverse inference and evidentiary relief as set forth above.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable and tenders the jury fee herewith.

Dated this 13th day of May 2026.

COZEN O'CONNOR

Benjamin Migliorino, #50463
*Attorney for Plaintiff, Foremost Insurance Company Grand Rapids, Michigan*

| | |
|---|---|
| DISTRICT COURT OF COLORADO<br>23rd JUDICIAL DISTRICT, DOUGLAS COUNTY<br>4000 Justice Way, Suite 2009<br>Castle Rock, CO 80109<br>(720) 437-6200 | DATE FILED<br>May 13, 2026 1:47 PM<br>FILING ID: 1E296088C364D<br>CASE NUMBER: 2026CV30527 |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**, a Michigan inter-insurance exchange,<br>Plaintiff,<br>v.<br>**TESLA ENERGY OPERATIONS, INC.** (f/k/a SOLARCITY CORPORATION), a Delaware corporation, **SOLAR HOUSE I, LLC**, a Delaware limited liability company, and **TESLA, INC.**, a Delaware corporation,<br>Defendants. | **▲ COURT USE ONLY ▲**<br><br>Case No.:<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Benjamin Migliorino, #50463<br>Cozen O'Connor<br>4601 DTC Blvd, Ste 825<br>Denver, CO 80237<br>720-479-3900<br>bmigliorino@cozen.com | |
| **DISTRICT COURT CIVIL COVER SHEET** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, crossclaim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☒ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably



**EXHIBIT A**

available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Dated this 13th day of May 2026.

COZEN O'CONNOR

Benjamin Migliorino, #50463
*Attorney for Plaintiff, Foremost Insurance Company Grand Rapids, Michigan*

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br>4000 Justice Way, Suite 2009<br>Castle Rock, CO 80109 | DATE FILED<br>May 13, 2026 2:11 PM<br>CASE NUMBER: 2026CV30527 |
| Plaintiff(s): Foremost Insurance Company Grand Rapids<br><br>v.<br><br>Defendant(s): Tesla Energy Operations Inc et al | ▲ COURT USE ONLY ▲ |
| | Case Number: 2026CV30527<br>Division/Courtroom: 5 |

**DELAY REDUCTION ORDER**
(FOR CASES FILED ON OR AFTER JULY 1, 2015)

This Court is on a delay reduction docket.

A. For all civil actions, the following deadlines must be met:

1. Service of Process: Returns of service on all defendants shall be filed within **63 days** after the date of the filing of the complaint.

2. Default Judgment: Application for default judgment shall be filed within **35 days** after default has occurred.

3. Case Management: Whether a Case Management Conference is required is determined by each Division.

4. Trial Setting: Parties shall comply with the procedure for setting trial as determined by the Judge presiding over the Division to which the case has been assigned.

   a. Actions governed by C.R.C.P. 16 shall be set for trial within **49 days** of the "at issue" date and generally trial will be set within **1 year** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

   b. Actions governed by C.R.C.P. 16.1 shall be set for trial within **42 days** of the "at issue" date and generally trial will be set within **6 months** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

B. A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

**EXHIBIT A**

C. Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

D. Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E. If an attorney or self-represented party failed to comply with the Order, the Court may dismiss the case without prejudice.

Date: 09/04/2025

BY THE COURT:

Ryan Stuart

Chief Judge, 23rd Judicial District



EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT**<br>**DOUGLAS COUNTY, COLORADO**<br>**4000 Justice Way**<br>**Castle Rock, Colorado 80109** | DATE FILED<br>May 13, 2026 2:28 PM<br>CASE NUMBER: 2026CV30527 |
| **Plaintiff(s):**<br><br>**v.**<br><br>**Defendant(s):** | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Courtroom: |
| **DIVISION 5 PRACTICE STANDARDS – AMENDED MARCH 2026** | |

**This Amended Order has made changes to paragraph 7, removed former paragraph 14, and made minor revisions to new paragraph 14.**

**THESE PRACTICE STANDARDS APPLY TO ALL CASES ASSIGNED TO DIVISION 5 AND SUPERSEDE CONFLICTING GUIDANCE IN ANY OTHER INITIAL CASE MANAGEMENT ORDER, PRETRIAL ORDER, OR SIMILAR ORDER ISSUED FOR THIS DIVISION.** Counsel and self-represented parties are expected to familiarize themselves with the contents of these Practice Standards, which operate as a binding order in this case.

**Plaintiff shall serve copies of this Pretrial Order on any Self-represented Parties in accordance with C.R.C.P. 5 and file a Certificate of Service with the Court within 14 days of the date thereof.** In the event of any conflict between this Pretrial Order and C.R.C.P. 16 (or 16.1 where applicable) or 121, this Order shall govern.

## I. General Standards

1. **Conferral Obligations.** Pursuant to C.R.C.P. 121 § 1-15(8), every motion filed with the Court shall contain a substantive certification that the movant has, in good faith, conferred with the party against whom the motion is made. Conferring requires more than a last-minute message or e-mail; conferring requires a meaningful discussion to compare views and attempt to resolve the issue. With any certificate representing that a party did not respond to a conferral attempt, the movant shall identify when and how the attempt was made.

2. **Self-Represented Parties.** All parties—even those who are non-attorneys representing themselves—must abide by these Practice Standards, the Colorado Rules of Civil Procedure, and the laws of the State of Colorado. In particular, self-represented parties are reminded that they must confer with the other party(ies) or their counsel before asking the Court for relief. Should you need assistance, you may find the following resources to be helpful.

   a. Forms are available at www.courts.state.co.us/Forms/Index.cfm.
   b. There is a Self-Help Center in this courthouse at 4000 Justice Way, Castle Rock, CO 80109, in Room 2546. They can also be reached by calling (720) 437-6112. Please be aware that the employees are not permitted to give legal advice.

3. **Interpreters**. Chief Justice Directive 06-03 requires the courts to assign and pay for language interpretation under certain circumstances. If you require a language interpreter, you must inform the Court by contacting the Division Clerk (23doug-div5@judicial.state.co.us) no later than 35 days prior to your court appearance or hearing to ensure that an interpreter is present to assist you. Failure to do so timely may prevent you from receiving an interpreter on the date and time of your scheduled court appearance. If interpreter services are no longer needed, you must advise the Division Clerk not later than 72 hours prior to your scheduled court appearance. Failure to provide this notice of cancellation might impede the Managing Interpreter's ability to provide interpreter services to others.

4. **Related Cases.** If there are cases related to this one, the parties shall file, no later than 21 days after the case is at issue, a Notice of Related Case, identifying the case number and county of origin and stating whether consolidation is appropriate.

5. **Settings.** To set trial and other hearings (*e.g.*, discovery hearings, status conferences), the Parties shall contact the Division Clerk at 23doug-div5@judicial.state.co.us. All Parties or their representatives must be copied on emails to the Division Clerk. If a Party requests that the Division Clerk set a hearing on a particular date, that Party is representing that they have confirmed that all other Parties are available at that time. If the Party cannot make that representation, they shall specify that they can be available at that time but cannot speak to the other Parties' availability.

No case will be set for trial for more than 5 days without prior approval of the Court. This Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing. **Trial settings more than one year after filing must be approved by the Court in advance.**

6. **Webex Appearances**. When the Court holds proceedings on Webex, counsel must have video cameras turned on throughout the hearing. Counsel are expected to treat the proceeding with the same care and professionalism as would apply to an in-person appearance.

7. **Case Management Conference.**

a. No later than 21 days after at-issue date, the Responsible Attorney shall set this matter for a case management conference on a date acceptable to all parties. To schedule the conference, contact the Division Clerk. The conference must take place no later than 49 days after at-issue date.

b. No later than 7 days before the Case Management Conference, the parties must jointly file a Proposed Case Management Order (JDF 622) in editable format. If the Court approves and adopts the CMO, it may also vacate the conference.

   i. The Court's practice is to close fact and expert discovery 91 days before trial and to advance the default expert disclosure deadlines by 42 days. This change benefits the parties as they prepare summary judgment and pretrial motions, as well as a potential post-discovery mediation. And it can be very helpful in conserving the parties' resources, including because it decreases the chance that a party will need to begin trial preparations that a pending motion could obviate. The parties still typically have ample time for discovery because this Court is currently setting trials—except bench trials lasting three days or less—approximately 11 months from the Case Management Conference. Unless the parties identify good cause why this is not appropriate, the Proposed Case Management Order should contain these deadlines, and, if it does not, the Court will insert them.

   ii. To request more than two experts per side (whether retained or non-retained), the Proposed Case Management Order must include a detailed proportionality analysis, which requires more than a brief description of each proposed expert's specialty. If that analysis is not provided, the Court will set an initial limit on the number of experts and require any party needing more to request a discovery hearing before its expert disclosures are due.

   iii. Any party asserting affirmative claims must include a best estimate of its damages in Paragraph 4.

8. **Default.** If a Defendant is in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

9. **Mediation.** In general, the Court refers cases to mediation. The parties may engage a private mediator or seek the services of the Office of Dispute Resolution. The parties shall file either:

EXHIBIT A

a. notice that they have all engaged in good faith mediation, filed at least 70 days before trial; or

b. a motion objecting to mediation and demonstrating compelling reasons why mediation should not be required, filed no later than 105 days before trial. For this purpose, a large gap between the parties' most recent offer and counteroffer is not a compelling reason, nor is a belief that there will be a large, persistent gap between such offers going forward.

If the Parties believe that they need to complete discovery before effectively engaging in mediation, they should consider closing discovery earlier than C.R.C.P. 16(b)(11) requires (*see* Paragraph 13 *infra*).

10. **Continuances and Extensions**. Motions to continue trials, even if stipulated, will not be granted as a matter of course, and will only be granted for good cause shown. Per C.R.C.P. 121, §1-11, the Court may deny motions for continuance and requests for extension of time that do not contain a certificate that a copy of the motion has also been served upon the moving attorney's client.

To avoid inefficiencies, the Court may rule on opposed motions for extensions of time 5 days after they are filed—unless pressing circumstances require an earlier ruling. Parties who wish to respond to those motions should do so before 5 days pass.

11. **Citations**. All written legal arguments should include citations to relevant authority. Citations should conform to Chief Justice Directive 12-01. Citations to unpublished opinions should use a Westlaw reference; the Court does not use LexisNexis. If a cited unpublished opinion is not available on Westlaw, parties should attach it as an exhibit to the brief.

12. **Motions and Other Filings**.

a. *Proposed Orders*. Proposed orders, Microsoft Word format, must be attached to all motions. The Court might not be made aware of motions that do not attach proposed orders, which might delay resolution.
b. *Format*. All .pdf filings and exhibits must be searchable (*i.e.*, subjected to optical character recognition (OCR)).
c. *Exhibits to Motions*. When e-filing exhibits to motions, parties should describe the exhibit in the title field for the exhibit so that the exhibit description appears in the Court's register of actions (ex: Ex. A Smith Decl., Ex. B Sales Contract, etc.). Deposition excerpts should be highlighted.
d. *Embedded Motions Prohibited*. Parties may not incorporate motions into a response or reply, as this makes it difficult for the Court to properly determine when the motion is ripe. Such embedded motions will not be considered.
e. *Forthwith Motions*. If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion and must contact the Division Clerk to advise of this request.

f. *Motions to Dismiss*. Many issues raised under C.R.C.P. 12, particularly C.R.C.P. 12(b)(5), can be resolved through conferral and amendment. C.R.C.P. 12(b) motions are discouraged if the defect is correctable by the filing of an amended pleading. The certificate of conferral in a C.R.C.P. 12(b)(5) motion must state with specificity that the parties have discussed whether an amendment would correct the defect and whether it should be allowed. If this conferral requirement is not met, the motion may be denied on that basis. If a plaintiff believes an amendment would correct the alleged defect described in the first C.R.C.P. 12(b)(5) motion filed in the case (or the first set of such motions if they are filed on the same day by multiple defendants), it may file an amendment or a motion to amend the complaint pursuant to C.R.C.P. 15(a) in lieu of a response to the C.R.C.P. 12(b)(5) motion. When plaintiffs do not take this approach and instead respond to the substance of the C.R.C.P. 12(b)(5) motion, the Court will not consider embedded requests to grant leave to amend instead of granting the motion. C.R.C.P. 12(b) motions should not be presented in the alternative as C.R.C.P. 56 motions for summary judgment.

g. *Motions for Leave to Amend*. To motions for leave to amend pleadings, parties should attach a clean copy of the proposed amended pleading and a redline comparing it to the operative pleading. Parties that do not have access to redline software (*e.g.*, the track changes feature of Microsoft Word) shall identify the changes by striking through (~~striking through~~) the text being deleted and underlining (underlining) the text being added.

h. *Motions for Summary Judgment*. Parties may not file more than one motion for summary judgment without leave of the Court.

i. *Pretrial Motions*. See Pretrial Motions section below.

j. *Page Limits*. Motions to exceed the page limits set forth in C.R.C.P 121, § 1-15(1) will rarely be granted. Such motions must set forth well-supported grounds for exceeding the page limits.

## II. Discovery Standards

The following discovery protocols shall guide all counsel in their conduct of written and oral discovery in this case. This Order is meant to supplement C.R.C.P. 16 and to be read in conjunction with that rule.

Parties are reminded that all discovery responses shall be made with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy, and inexpensive determination of every action. The discovery process shall not be used to hinder or obstruct these goals nor to harass, unduly delay, or needlessly increase the cost of litigation.

13. **Initial Disclosures**. C.R.C.P. 26(a)(1) requires substantive disclosures, which the Court takes seriously. For C.R.C.P. 26(a)(1)(B) disclosures, providing copies of the documents is

strongly preferred; if a party elects not to provide copies of the documents, the party's description of the documents by category must be detailed.

14. **Discovery Disputes**. The Court does not permit written discovery motions; discovery disputes are to be presented orally. The purpose of this procedure is to resolve discovery disputes quickly and inexpensively. Before notifying the Court of the dispute, the parties are to confer—in person, by telephone, or by video conference—and attempt to come to an agreement. If they fail to come to agreement, the parties shall contact the Division Clerk to set a discovery dispute hearing, which shall be held by Webex. The Court understands that prompt resolution of such disputes is important to the parties so will endeavor to conduct the hearing within 3 business days. At least 1 business day before the hearing, each party shall file a two-page (double spaced) description of the discovery issues in dispute, with citations, and provide a copy of any exhibits that might be helpful to the Court. The parties may file a joint statement of discovery dispute in lieu of separate filings.

15. **Written Discovery**. The parties should refrain from interposing repeated boilerplate type objections such as "overbroad," "unduly burdensome," "vague," "ambiguous," and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information that may be available but that is not being provided as a result of the objection raised.

When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within 14 days of receiving the discovery request, seek clarification of the meaning from the party who served the discovery. Including an objection on this basis without having sought such clarification shall be considered a violation of these Practice Standards.

A discovery response that does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to search for such information or material will be treated as the same as no response unless that party provides a clear description of the expected location of the material, the details of the search to date, and a deadline for completion.

16. **C.R.CP. 35 Examinations.** A party being examined pursuant to C.R.C.P. 35 will be permitted to audio record the examination. If the Rule 35 witness uses a questionnaire, it must be provided to counsel for the person to be examined no later than 3 business days

EXHIBIT A

before the examination and it must be the same questionnaire as that used with the Rule 35 witness' non-litigation examinations.

**III. Trial Management**

17. **Pretrial Motions.** Pretrial motions, including motions in limine, must be filed 35 days before the Pretrial Conference, unless the Court has approved a later filing date (note that this deadline is earlier than the Rules require). This paragraph does not affect C.R.C.P. 16's deadline for motions for summary judgment or motions challenging the admissibility of expert testimony pursuant to C.R.E. 702.

Parties who choose to file a motion in limine must file a single, omnibus motion, which is subject to the page limits in C.R.C.P. 121, § 1-15. No replies are permitted for motions in limine. Motions in limine are to resolve issues of admissibility; they should not be used to resolve dispositive issues or challenge the substance of expert testimony.

18. **Designations of Deposition Testimony:** C.R.C.P. 16(f)(3)(VI)(D) sets the schedule for designating deposition testimony. Objections to deposition testimony must cite the page, line, and the specific evidentiary grounds supporting the objection. In all other respects, C.R.C.P. 16(f)(3)(VI)(D) must be followed. The same rules apply to both videotaped and transcribed depositions. When applicable, a party is required to provide someone to read the testimony.

19. **Proposed Trial Management Order**. The Responsible Attorney shall prepare and circulate to all counsel and any self-represented parties and shall be responsible for filing the proposed Trial Management Order (TMO) 7 days before the date of the Pretrial Conference. The TMO shall comply with the provisions set forth in C.R.C.P. 16(f), including the requirement that the proposed order identify all witnesses and exhibits and any objections to the exhibits' authenticity. ALL parties must participate in the preparation of the TMO.

20. **Jury Instructions**. For jury trials, this Court requires strict compliance with C.R.C.P. 16(g), including its requirement that jury instructions be filed no later than 7 days prior to trial. **All instructions should be filed in Microsoft Word format, Times New Roman 12 point font, double-spaced.**

The parties shall agree upon a succinct CJI 2:1 Statement of the Case instruction that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with the language upon which the parties cannot agree highlighted, which the Court will then use to formulate the 2:1 instruction.

If applicable to your case, combine the following instructions into one instruction: CJI-Civ. 3:4; 3:7; 3:8; 3:9; 3:10; 3:11; 3:14, 3:15; 3:16. If applicable, combine 5:1 and 5:5 into one instruction. The parties are encouraged to combine any other instructions they believe appropriate.

21. **Order of Proof.** No later than 7 days before trial, each party shall file an Order of Proof identifying the order in which that party expects to call each witness, a one-sentence summary of the nature of that witness' expected testimony, and the expected length of the direct examination.

If the length of the examination has increased since the TMO was filed, the party shall note the cause and the expected impact on the trial length.

22. **Courtroom Technology**. The parties are strongly encouraged to test in advance any audio-visual or other technology that they plan to use during trial—including the courtroom display systems. The parties may contact the Division Clerk to request access to the Courtroom for this purpose. Parties connect to the courtroom system by connecting the HDMI cable at counsel table to the parties' own laptops. While the Court understands that glitches happen, the Court will not permit malfunctioning technology or user error to result in delays, and the Court may require that the party proceed without use of the courtroom technology.

23. **Trial Exhibits.**[1]

a. *Exhibit Marking*. **All parties shall use numbers**, with Plaintiffs starting at #1, and each Defendant starting with the next 100 series not used by Plaintiff. For example, if Plaintiff marks #s 1-149, then Defendant #1 will start at #201, Defendant #2 will then start at #301 (assuming Defendant #1 does not exceed 100 of their own exhibits). The parties shall not mark any identical exhibit more than once. Exhibits may be grouped together for ease of reference. The civil action number of the case should also be placed on each of the exhibit labels. <u>Each page of each exhibit must be numbered in some fashion for reference within the exhibit.</u>

b. *Summary Exhibits*. For voluminous exhibits, the parties are encouraged to stipulate—when practicable—that only certain pages are relevant or agree, pursuant to C.R.E. 1006, to a summary or chart that would be used as the exhibit in the notebooks, with the backup documentation available in Court, if necessary.

c. *Pretrial Filing*. To avoid unnecessary printing, at least <u>3 business days prior to trial</u>, counsel shall e-file any exhibits that will be tendered at trial. This will serve as the Court's and the other party's(ies') copy of documentary exhibits. Counsel shall not be required to provide hard copies of exhibits to the Court or opposing counsel. When e-filing exhibits, parties should describe the exhibit in the e-filing system's title field so that the exhibit description appears in the Court's register of actions (ex: Ex. A Smith Decl., Ex. B Sales Contract, etc.). The parties shall also file an index of the exhibits they expect to offer, in a grid or spreadsheet format that identifies with specificity the exhibit by number and description and whether authenticity and/or admissibility are stipulated. If certain exhibits cannot be e-filed, the proponent party shall file a placeholder document containing a detailed description of the exhibit, representative photographs of the exhibit, and a statement that the exhibit cannot be e-filed.

d. *Pre-Admission Use of Exhibits*. During opening statements, parties may use only exhibits whose authenticity has been stipulated.

---

[1] This section also applies to hearing exhibits.

e. *Post-Trial Filing*. No more than 3 business days after the trial concludes, the parties shall file a caption sheet identifying whether each exhibit e-filed before trial was a) admitted, b) tendered but not admitted, or c) not tendered.

f. *Retention*. The parties shall retain custody of their respective exhibits and depositions, whether or not the exhibit was tendered or received into evidence, until the time for appeal has expired or all appellate proceedings have been terminated plus sixty-three days, unless all parties stipulate otherwise on the record or in writing. No withdrawn exhibit shall be modified in any manner.

g. *Oversized Demonstratives*. No oversized demonstratives shall be preserved in original form as part of the record in the case; rather, the parties shall provide a digital photograph(s) of any such demonstrative on or before the first day of trial for inclusion in the record, and, no later than 3 business days after the trial concludes, the proponent of the demonstrative shall file a certification that all other parties agree the photograph(s) accurately represent the demonstrative. The proponent of the demonstrative shall retain possession of the original item, as with all other exhibits upon completion of the trial.

h. *Violations*. Any violation of these exhibit maintenance obligations will be subject to sanctions, including contempt of court under C.R.C.P. 107.

24. **Witness Presentation**. The parties are responsible for scheduling witnesses to prevent delays in the presentation of testimony and to prevent running out of witnesses before 5:00 p.m. on any trial day. There should be no more than a five-minute delay between witnesses. If there is, the Court may determine the delaying party has rested.

25. **Voir Dire, Opening Statements, and Closing Arguments**: Counsel will be limited to 30 minutes on voir dire unless otherwise ordered by the Court. Counsel will be limited to 20 minutes for opening statement unless otherwise ordered by the Court. Time limits for closing argument will be determined at the close of the evidence; however, counsel may plan for time limits on closing argument of not less than that time afforded for opening statement

26. **Court Reporters**. Civil divisions no longer have court reporters. Unless the parties decide to engage a freelance court reporter, court proceedings will be recorded on the Court's digital recording device, For The Record ("FTR"). Use of freelance court reporters in civil cases is governed by C.J.D. 05-03 (amended June 2021)..

**SO ORDERED,** May 13, 2026.

BY THE COURT:

Ben L. Leutwyler

**EXHIBIT A**

District Court Judge

The following table summarizes the deadlines identified in these Practice Standards. The Colorado Rules of Civil Procedure and the law impose additional deadlines.

| What Is Due | Deadline |
|---|---|
| Interpreter request | **35 days** before the court appearance or hearing |
| Interpreter cancellation notice | **72 hours** before the court appearance or hearing |
| Response to opposed motion for extension | **5 days** after motion is filed |
| Notice of Related Case | **21 days** after the case is at issue |
| Case Management Conference set | **21 days** after the case is at issue |
| Case Management Conference held | **49 days** after the case is at issue |
| Initial disclosures (if CMC scheduled early) | **72 hours** before the Case Management Conference |
| Proposed Case Management Order (JDF 622) | **7 days** before the Case Management Conference |
| Request for clarification of discovery request | **14 days** after receiving discovery request |
| Discovery dispute statement (optional) | **1 business day** before discovery dispute hearing |
| Objection to mediation | **105 days** before trial |
| Notice of completion of mediation | **70 days** before trial |
| Pretrial motions (including motions in limine) | **35 days** before the Pretrial Conference |
| Proposed Trial Management Order | **7 days** before Pretrial Conference |
| Jury instructions | **7 days** before trial |
| Order of Proof | **7 days** before trial |
| Trial exhibits and exhibit index | **3 business days** before trial |
| Oversized demonstrative photographs (digital) | **1st day** of trial |
| Caption sheet re: exhibit submission | **3 business days** after trial concludes |
| Oversized demonstrative certification | **3 business days** after trial concludes |

**EXHIBIT A**