IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02805-KAS

FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, a Michigan inter-insurance exchange,

      Plaintiff,

v.

TESLA ENERGY OPERATIONS, INC., a Delaware corporation f/k/a SolarCity Corporation,
SOLAR HOUSE I, LLC, a Delaware limited liability company, and
TESLA, INC., a Delaware corporation,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendants' **Unopposed Motion to Compel Arbitration and Stay Proceedings** [#13] (the "Motion"). Defendants assert that the parties are bound by a binding arbitration clause and thus ask the Court to stay this action pursuant to Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. *See Motion* [#13]. Plaintiff does not oppose the Motion [#13]. This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See Signed Consent/Non-Consent Form* [#18]; *Order of Reference* [#19].

In this subrogation action, Plaintiff seeks to recover on behalf of its insureds for a fire that originated at or near the insureds' rooftop photovoltaic solar system. *Compl.* [#20] ¶ 7. The solar system was installed and managed by the Defendants pursuant to a Lease

Agreement, which contains an arbitration clause. *Id.* ¶ 8; *Motion* [#13]. The arbitration provision provides as follows:

> PLEASE READ THIS SECTION CAREFULLY. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY.

> The laws of the state where your Home is located shall govern this Agreement without giving effect to conflict of laws principles. We agree that any dispute, claim or disagreement between us (a "Dispute") shall be resolved exclusively by arbitration. The arbitration, including the selecting of the arbitrator, will be administered by JAMS, under its Streamlined Arbitration Rules (the "Rules") by a single neutral arbitrator agreed on by the parties within thirty (30) days of the commencement of the arbitration. The arbitration will be governed by the Federal Arbitration Act (Title 9 of the U.S. Code). . . .

> . . . .

> BECAUSE YOU AND WE HAVE AGREED TO ARBITRATE ALL DISPUTES, NEITHER OF US WILL HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT, OR TO HAVE A JURY TRIAL ON THAT DISPUTE, OR ENGAGE IN DISCOVERY EXCEPT AS PROVIDED FOR IN THE RULES. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS PERTAINING TO ANY DISPUTE. THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING ON THE PARTIES AND MAY BE ENTERED AND ENFORCED IN ANY COURT HAVING JURISDICTION, EXCEPT TO THE EXTENT IT IS SUBJECT TO REVIEW IN ACCORDANCE WITH APPLICABLE LAW GOVERNING ARBITRATION AWARDS. OTHER RIGHTS THAT YOU OR WE WOULD HAVE IN COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.

> NOTICE: BY INITIALLING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTE" PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALLING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE "ARBITRATION OF DISPUTE" PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED

TO ARBITRATE UNDER THE AUTHORITY OF THE BUSINESS AND PROFESSIONS CODE OR OTHER APPLICABLE LAWS. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.

*Defs.' Ex. A, Lease Agreement* [#13-1] at 13-14.

Section 4 of the FAA provides that a party may petition the district court that would have jurisdiction under Title 28 over a dispute arising between the parties that is subject to a written arbitration agreement "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 3 provides that

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had.

9 U.S.C. § 3. Stated another way, if a valid arbitration clause exists, a federal court must stay any judicial proceeding that is based on a matter subject to arbitration. *See Nichols v. Google, LLC*, No. 23-cv-01022-RMR-NRN, 2023 WL 5938917, at *2 (D. Colo. Sept. 12, 2023) (citing *Am. Fam. Mut. Ins. Co. v. TAMKO Bldg. Prods.*, 178 F. Supp. 3d 1121, 1129 (D. Colo. 2016)).

Defendants assert, and Plaintiff does not dispute, the existence of a valid and enforceable arbitration agreement. *See Defs.' Ex. A, Lease Agreement* [#13-1] at 13-14. Likewise, Plaintiff does not contest that the claims asserted in this lawsuit are within the scope of the parties' agreement and suitable for arbitration. *Id.* at 13 ("We agree that any dispute, claim or disagreement between us (a 'Dispute') shall be resolved exclusively by arbitration."). Upon review of the arbitration agreement and the unrebutted arguments set forth in Defendants' motion, a valid arbitration agreement unquestionably exists and Plaintiff's claims fall within its scope.

Defendants ask the Court to stay this matter while the parties engage in arbitration. *Motion* [#13]. This request is unopposed. *Id*. As noted above, the FAA provides for a mandatory stay of proceedings in federal district courts when an issue in the proceeding is referable to arbitration. *See* 9 U.S.C. § 3. Because the agreement here mandates arbitration for Plaintiff's claims, the Court will grant the motion's request for a stay.

However, given the indefinite timing of the arbitration process and the potential that arbitration could resolve all outstanding issues between the parties, administrative closure pursuant to D.C.COLO.LCivR 41.2 is appropriate, subject to reopening for good cause. "Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (internal quotation marks and citation omitted); *see also Barnett v. Compass Grp. USA, Inc.*, No. 24-cv-03256-RMR-CYC, 2025 WL 4481050, at *1 (D. Colo. Apr. 2, 2025) (adopting recommendation that case be administratively closed while the parties participate in arbitration); *Aragon v. U-Haul Co of Colo.*, 550 F. Supp. 3d 933, 934 (D. Colo. 2021) (same). Because the parties will be proceeding with arbitration and the duration of the arbitration process is unknown, it is in the best interest of the parties and in the interest of judicial economy to administratively close this case, subject to reopening for good cause pursuant to D.C.COLO.LCivR 41.2.

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED**. Plaintiff is ordered to pursue its claims through arbitration.

4

IT IS FURTHER **ORDERED** that this matter is **STAYED** pending further order of the Court.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for September 2, 2026, is hereby **VACATED**.

IT IS FURTHER **ORDERED** that Defendant's **Motion to Dismiss** [#12] and the parties' **Stipulated Motion to Stay Proceedings Pending Disposition of Defendants' Unopposed Motion to Compel Arbitration** [#14] are **DENIED as moot**.

IT IS FURTHER **ORDERED** that this case be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, with leave to reopen for good cause shown.

The parties are **ORDERED** to file a **joint status report** on **November 9, 2026, and every 90 days thereafter** until this case is finally closed. Either party may file a request to reopen or a motion to dismiss this action within 14 days of the conclusion of the arbitration.

Dated: August 5, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge